IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

ROY D. BURNS                                                                                                PLAINTIFF
ADC #91713

V.                                            NO: 2:11CV00086 BSM/HDY

WENDY KELLEY *et al.*                                                                          DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the
                hearing before the District Judge in the form of an offer of
                proof, and a copy, or the original, of any documentary or
                other non-testimonial evidence desired to be introduced at
                the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff Roy D. Burns, an Arkansas Department of Correction ("ADC") inmate, filed this complaint on May 2, 2011, alleging that he was denied adequate medical care. On July 3, 2012, Defendant Dottie Yarbrough filed a motion for summary judgment, a brief in support, and a statement of facts (docket entries #66-#68). Plaintiff filed a response in opposition on July 18, 2012 (docket entry #69).[1]

## **I. Standard of review**

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must

---

[1] Wendy Kelley, Chiquita Davis, and unnamed Does, were also originally Defendants. Plaintiff's claims against Kelley were dismissed without prejudice on August 17, 2011 (docket entry #39). Plaintiff's claims against Davis and the Does were dismissed without prejudice on December 20, 2011 (docket entry #56).

view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th. Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II.  Analysis

According to Plaintiff's complaint, he was denied adequate medical treatment for blood in his urine, which he noticed beginning on June 30, 2010.  Plaintiff specifically asserts that Yarbrough apologized for medical personnel failing to set an appointment for an approved CT scan (docket entry #2, page #11), that she told him that he would have the scan within 10 days (docket entry #2, page #12), and that she failed to tell him the results (docket entry #2, page #12).

Yarbrough contends that Plaintiff's claims against her should be dismissed because he failed to exhaust any grievance against her before he filed this lawsuit.  Lack of exhaustion is an affirmative defense, which must be proved by defendants, and need not be pleaded by the plaintiff. *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005)(per curiam).  The Prison Litigation Reform Act ("PLRA") "requires a prisoner to exhaust 'such administrative remedies as are available' before suing over prison conditions." *Booth v. Churner*, 532 U.S. 731, 733-34 (2001).  The Eighth Circuit has reaffirmed that the exhaustion process must be fully completed prior to filing suit, and, if not, dismissal is "mandatory." *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

In support of her motion, Yarbrough has provided the declaration of Sherrie Williams, the ADC's medical grievance investigator. Williams's declaration indicates that Plaintiff filed and appealed eight grievances after June 30, 2010, and before May 2, 2011, and seven of those grievances were fully exhausted. Yarbrough has provided copies of all eight grievances with Williams's declaration (docket entry #68-1), and none mention Yarbrough. According to Williams, ADC policy requires an inmate to be specific as to the personnel involved in the grievance. That requirement is also on the grievance forms that Plaintiff submitted. Importantly, the question of whether proper exhaustion has been achieved turns on the specifics of the prison policy. *Jones v. Bock*, 549 U.S. 199, 218 (2007). In response, Plaintiff has offered nothing to demonstrate that he exhausted any grievance against Yarbrough before he filed this lawsuit. Rather, Plaintiff asserts that Yarbrough is raising the same arguments which were already addressed in her earlier motion to dismiss. Although it is true Yarbrough previously raised Plaintiff's lack of exhaustion in a motion to dismiss, that motion was denied because she at that time failed to meet her burden of proving Plaintiff's failure to exhaust (docket entries #48 & #56). With Williams's declaration, the attached grievances, and Plaintiff's failure to offer any evidence of proper exhaustion, Yarbrough has now met her burden. Accordingly, Yarbrough's motion for summary judgment should be granted, and Plaintiff's complaint should be dismissed.[2]

### III. Conclusion

---

[2] In his response to Yarbrough's motion, Plaintiff also references a June 21, 2011, test which he says revealed possible kidney disease. According to Plaintiff, he failed to receive needed follow-up testing for the next 90 days. Assuming such testing was not done, the lack of testing relates to actions or inactions which occurred after this complaint was filed. Thus, although the assertions could provided grounds for a new lawsuit, they cannot serve to establish proper exhaustion for the claims Plaintiff advanced in this May 2, 2011, lawsuit.

IT IS THEREFORE RECOMMENDED THAT:

1. Defendant Dottie Yarbrough's motion for summary judgment (docket entry #66) be GRANTED, and Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE.

2. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this   30   day of July, 2012.

_____
UNITED STATES MAGISTRATE JUDGE